UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **BRIAN BREST**, | No. |
| Plaintiff, | |
| v. | **CIVIL ACTION COMPLAINT** |
| **TRANSUNION, LLC and EVERGREEN MONEYSOURCE MORTGAGE COMPANY,** | |
| Defendants. | |

## INTRODUCTION

1. Plaintiff, BRIAN BREST, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant EVERGREEN MONEYSOURCE MORTGAGE COMPANY (hereinafter "Evergreen" or "Furnisher") has been negligently, recklessly, and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that one of the three major consumer reporting agencies,

**COMPLAINT** – 1

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

TransUnion, LLC (TransUnion) has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Defendants regularly conduct business within the state of Washington and violated Plaintiff's rights under the FCRA in the state of Washington as alleged more fully below.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

8. Plaintiff, Brian Brest ("Plaintiff") is a resident of the State of Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting

**COMPLAINT** – 2

agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11. Defendant Evergreen Moneysource Mortgage Company is a mortgage lender with its headquarters located at 15405 SE 37th Street, Suite 200, Bellevue, Washington 98006.

## FACTUAL ALLEGATIONS

12. In or around May of 2020, Plaintiff noticed that Defendant TransUnion was reporting the Evergreen tradeline on his credit report with a zero balance and a 120-days past due status.

13. The reporting of an account that has been closed or transferred and a zero balance with a late payment status is inconsistent with the industry standard.

14. The payment status field is specifically designed to be understood as the current status of the account. As such, the credit scoring algorithms specifically take this data field into account when calculating and generating a credit score.

15. As a result, Plaintiff's credit score is negatively impacted because the credit report is being interpreted to mean that Plaintiff is *currently* late, despite the fact that he has a zero balance and zero monthly obligations.

16. A lower credit score hurts consumer's creditworthiness because lenders have different tiers of risk, and a consumer with a lower credit score will often be placed into a lower

COMPLAINT – 3

tier. This can cause consumers, like the Plaintiff to be denied credit or to receive credit at a more expensive cost.

17. Plaintiff, realizing the inherent contradiction of being marked late while no balance existed, sent a dispute letter on or around May 4, 2020 directly to Defendant Transunion. In his dispute letter Plaintiff noted the inconsistency, requested that an investigation be conducted, and that the inaccurate information be updated.

18. This reporting was materially misleading because it conveyed that Plaintiff was currently delinquent on payments when that was not the case.

19. Upon receipt of the dispute letter, the credit bureau TransUnion notified the Furnisher of Plaintiff's dispute.

20. Instead of conducting a reasonable investigation, the Defendants verified the accounts as accurate and have continued to report the negative information, causing the Plaintiff harm.

21. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's TransUnion report.

22. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a lower credit score, as a result of Defendants' conduct.

23. At all times pertinent hereto, Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

**COMPLAINT** – 4

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

24. All preceding paragraphs are realleged.

25. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

26. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

27. Plaintiff initiated disputes with Transunion requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to him.

28. Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

29. As a direct and proximate result of Defendant TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

30. All preceding paragraphs are realleged.

31. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

COMPLAINT – 5

32. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

33. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

### COUNT III
### FAILURE TO INVESTIGATE DISPUTE
### FCRA 15 USC § 1681s-2(b)
### AGAINST EVERGREEN

34. All preceding paragraphs are re-alleged.

35. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

36. Plaintiff submitted a written dispute to the TransUnion disputing the accuracy of the account being reported by EVERGREEN.

37. As evidenced by their responses to the Plaintiff, EVERGREEN received these disputes.

38. EVERGREEN was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

39. EVERGREEN failed to reasonably investigate Plaintiff's dispute. Indeed, the Furnisher knew that the account had a $0 balance but continued to report the negative information on his report anyway.

40. Even after the Plaintiff properly disputed this account with TransUnion, EVERGREEN refused to conduct a reasonable investigation and continued inaccurately reporting this account on her credit reports.

**COMPLAINT** – 6

41. EVERGREEN's conduct violated section 1681s-2(b) of the FCRA, causing Plaintiff harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 3, 2021

Respectfully submitted,

By: _/s/ Michael Brubaker_
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072

**COMPLAINT** – 7

(206) 335-8746
michael@brubakerlawgroup.com

***ATTORNEYS FOR PLAINTIFF***

**MARCUS & ZELMAN, LLC**
Ari M. Marcus, Esq. (applying for admission pro hac vice)
Yitzchak Zelman, Esq. (applying for admission pro hac vice)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282
Ari@MarcusZelman.com
Yzelman@MarcusZelman.com

**COMPLAINT** – 8

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com